NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**FRATERNAL ORDER OF POLICE, UNITED STATES CAPITOL POLICE LABOR COMMITTEE,**
*Petitioner*

**v.**

**DEPARTMENT OF THE INTERIOR,**
*Respondent*

---

2021-1690

---

Petition for review of an arbitrator's decision in No. FMCS 200318-04975 by Jane Rigler.

---

**SUA SPONTE**

---

Before NEWMAN, PROST, and STARK, *Circuit Judges.*

PER CURIAM.

# O R D E R

Fraternal Order of Police, United States Capitol Police Labor Committee ("FOP") appeals from an arbitration decision upholding a decision by the U.S. Park Police to remove an employee.

Appeals from arbitration decisions in this context are governed by 5 U.S.C. § 7121(f), which states that "section 7703 of this title pertaining to judicial review shall apply to the award of an arbitrator in the same manner and under the same conditions as if the matter had been decided by the [Merit Systems Protection] Board ['MSPB']." The referenced section in turn states that "[a]ny employee or applicant for employment adversely affected or aggrieved by a final order or decision of the [MSPB] may obtain judicial review of the order or decision." 5 U.S.C. § 7703(a)(1).

We have held that "Congress, in using the term 'employee' in § 7703(a)(1) *and in defining that term to mean an individual*, has exercised its legislative prerogative to impose a prudential limitation on the exercise of this court's jurisdiction over adverse decisions of the MSPB." *Reid v. Dep't of Com.*, 793 F.2d 277, 284 (Fed. Cir. 1986) (emphasis added) (footnote omitted). We have therefore concluded that an organization (like FOP) lacks standing to appeal from an MSPB or arbitration decision because it is not an individual. *Id.* at 280, 283–84 (MSPB decision); *Senior Execs. Ass'n v. OPM*, No. 95-3460, 1997 U.S. App. LEXIS 10023, at *9–10 (Fed. Cir. Apr. 7, 1997) (nonprecedential) (MSPB decision); *AFGE Local 3438 v. Soc. Sec. Admin.*, No. 21-1972, slip op. at 2, 4–6 (Fed. Cir. May 25, 2022) (nonprecedential) (arbitration decision). And we have accordingly dismissed organizations' appeals from MSPB or arbitration decisions for lack of jurisdiction. *Senior Execs. Ass'n*, 1997 U.S. App. LEXIS, at *9–10; *AFGE Local 3438*, slip op. at 6.[1]

---

[1]    Although previous panels considering this issue have sometimes addressed the prospect of the appellant organization satisfying the associational-standing test set forth in *Hunt v. Washington State Apple Advertising Commission*, 432 U.S. 333 (1977), we see no reason why—even assuming that FOP could satisfy the *Hunt* test here (which

Because FOP is not an individual, it lacks standing to appeal from the arbitrator's decision under 5 U.S.C. §§ 7703(a)(1) and 7121(f).  We therefore dismiss this appeal for lack of jurisdiction.

IT IS ORDERED THAT:

FOP's petition for review is dismissed.  Each party shall bear its own costs.

FOR THE COURT

June 8, 2022                    /s/ Peter R. Marksteiner
    Date                        Peter R. Marksteiner
                                Clerk of Court

---

may be doubtful, *see Reid*, 793 F.2d at 279–80)—doing so would resolve the separate issue posed by 5 U.S.C. §§ 7703(a)(1) and 7121(f), which together limit the right to appeal from arbitration decisions to *individuals*.